PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
FAITH TURNAGE

WALLACE M. TICE, ESQ.
VERONICA H. GARCIA, ESQ.
LYNCH, GILARDI & GRUMMER
475 Sansome St, Suite 1800
San Francisco, CA 94111
Telephone:
Facsimile:

Attorneys for Defendants
HAYWARD ISLANDER MOTEL;
STAHL-WOOLRIDGE INVESTMENT PROPERTIES;
ROBERT and VIRGINIA M. STAHL PARTNERSHIP, L.P.;
and ROBERT STAHL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH TURNAGE, | CASE NO. C08-5618 BZ |
| Plaintiff, | Civil Rights |
| v. | CONSENT DECREE AND [PROPOSED] ORDER |
| HAYWARD ISLANDER MOTEL; STAHL-WOOLRIDGE INVESTMENT PROPERTIES; ROBERT and VIRGINIA M. STAHL PARTNERSHIP, L.P.; ROBERT STAHL; and DOES 1-10, Inclusive, | |
| Defendants. | |

1. Plaintiff FAITH TURNAGE filed a Complaint in this action on December 17, 2008, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW    C:\Documents and Settings\USDC Local Settings\Temp\notes56FD74\CONSENT DECREE updated after 12-11 phone conference.wpd

1   provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.
2   sections 12101 *et seq.*, and California civil rights laws against Defendants
3   HAYWARD ISLANDER MOTEL; STAHL-WOOLRIDGE INVESTMENT
4   PROPERTIES; ROBERT and VIRGINIA M. STAHL PARTNERSHIP, L.P.; and
5   ROBERT STAHL, relating to the condition of their public accommodations as of
6   Plaintiff's visit on or about August 15, 2008, and continuing. Plaintiff has alleged
7   that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3
8   and 55 of the California Civil Code, and sections 19955 *et seq.* of the California
9   Health & Safety Code by failing to provide full and equal access to their facilities
10  at Hayward Islander Motel (hereinafter "Motel"), located at 29083 Mission Blvd.,
11  Hayward, California.

12      2.      Defendants HAYWARD ISLANDER MOTEL; STAHL-
13  WOOLRIDGE INVESTMENT PROPERTIES; ROBERT and VIRGINIA M.
14  STAHL PARTNERSHIP, L.P.; and ROBERT STAHL deny the allegations in the
15  Complaint and by entering into this Consent Decree and Order do not admit
16  liability to any of the allegations in Plaintiff's Complaint filed in this action. The
17  parties hereby enter into this Consent Decree and Order for the purpose of
18  resolving this lawsuit without the need for protracted litigation and without the
19  admission of any liability.

20

21  **JURISDICTION:**

22      3.      The parties to this Consent Decree and Order agree that the Court has
23  jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged
24  violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections
25  12101 *et seq.,* and pursuant to supplemental jurisdiction for alleged violations of
26  California Health & Safety Code sections 19955 *et seq.*; California Civil Code
27  sections 51, 52, 54, 54.1, 54.3, and 55; and Title 24, California Code of
28  Regulations.

1    4.    In order to avoid the costs, expense, and uncertainty of protracted
2  litigation, the parties to this Consent Decree and Order agree to entry of this
3  Consent Decree and Order to resolve all claims regarding injunctive relief raised
4  in the Complaint filed with this Court. Accordingly, they agree to the entry of
5  this Consent Decree and Order without trial or further adjudication of any issues
6  of fact or law concerning Plaintiff's claims for injunctive relief.

7    WHEREFORE, the parties to this Consent Decree and Order hereby
8  agree and stipulate to the Court's entry of this Consent Decree and Order, which
9  provides as follows:

10

11  **SETTLEMENT OF INJUNCTIVE RELIEF:**

12    5.    This Consent Decree and Order shall be a full, complete, and final
13  disposition and settlement of Plaintiff's claims against Defendants for injunctive
14  relief that have arisen out of the subject Complaint. The parties agree that there
15  has been no admission or finding of liability or violation of the ADA and/or
16  California civil rights laws, and this Consent Decree and Order should not be
17  construed as such.

18    6.    The parties agree and stipulate that the corrective work will be
19  performed in compliance with the standards and specifications for disabled access
20  as set forth in the California Code of Regulations, Title 24-2, and Americans with
21  Disabilities Act Accessibility Guidelines, unless other standards are specifically
22  agreed to in this Consent Decree and Order.

23    a)    **Remedial Measures:** The corrective work agreed upon by the
24  parties are attached hereto as Attachment A. Defendants agree to undertake all of
25  the remedial work as set forth therein. Defendants also agree to institute the
26  policies attached hereto as Attachment B within 15 days. They agree to train all
27  current employees in the new policies within 15 days, and to train new employees
28  in the policies at the time they are hired.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW    C:\Documents and Settings\USDC Local Settings\Temp notes56FD71 CONSENT DECREE updated after 12-11 phone conference.wpd    3

b)     **Timing of Corrective Work for Injunctive Relief:** For
corrective work not requiring building permits, defendant will complete the work
within 45 days of entry of this Consent Decree and Order by the Court. For work
requiring building permits, defendants will submit plans for all corrective work to
the appropriate governmental agencies within 45 days of the entry of this Consent
Decree and Order by the Court. Defendants will commence work within 30 days
of receiving approval from the appropriate agencies. Defendants will complete
the permitted work within 9 months of commencement. In the event that
unforeseen difficulties prevent Defendants from completing any of the
agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's
counsel in writing within 15 days of discovering the delay. Defendants or their
counsel will notify Plaintiff's counsel in writing when all the corrective work is
completed, and in any case will provide a status report no later than 120 days
from the entry of this Consent Decree and Order.

c)     Defendants will notify plaintiff in writing at the end of 120
days as to the current status of agreed to injunctive relief, and every 90 days
thereafter until all access is provided. If defendants fail to provide injunctive
relief on the agreed to timetable and/or fail to provide timely written status
notification, plaintiff may file a motion with the court to obtain compliance with
these terms. Plaintiff reserves the right to seek additional attorney fees for all
compliance work necessitated by defendants' failure to keep their agreement after
making reasonable meet and confer efforts to reach agreement on any issues.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:

7.     The parties have not reached an agreement regarding Plaintiff's
claims for damages, attorney fees, litigation expenses and costs. These issues
shall be the subject of further negotiation, litigation, and/or motions to the Court.
The parties stipulate that both parties request the Court not dismiss the case, as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW     C:\Documents and Settings\USDC Local Settings\Temp notes56FD74 CONSENT DECREE updated after 12-11 phone conference.wpd

1  issues of damages and attorney fees are still before the Court.

2

3  **ENTIRE CONSENT ORDER:**

4       8.      This Consent Decree and Order and Attachment A to this Consent
5  Decree and Order, which is incorporated herein by reference as if fully set forth in
6  this document, constitute the entire agreement between the signing parties on the
7  matters of injunctive relief. No other statement, promise or agreement, either
8  written or oral, made by any of the parties or agents of any of the parties that is
9  not contained in this written Consent Decree and Order shall be enforceable
10  regarding the matters of injunctive relief described herein. This Consent Decree
11  and Order applies to Plaintiff's claims for injunctive relief only and does not
12  resolve Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

13

14

15  **CONSENT DECREE AND ORDER BINDING ON PARTIES AND**
     **SUCCESSORS IN INTEREST:**
16

17       9.      This Consent Decree and Order shall be binding on Plaintiff FAITH
18  TURNAGE and upon all defendants, including HAYWARD ISLANDER
19  MOTEL; STAHL-WOOLRIDGE INVESTMENT PROPERTIES; ROBERT and
20  VIRGINIA M. STAHL PARTNERSHIP, L.P.; and ROBERT STAHL; and any
21  successors in interest. Defendants have a duty to so notify all such successors in
22  interest of the existence and terms of this Consent Decree and Order during the
23  period of the Court's jurisdiction of this Consent Decree and Order.

24

25  **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS**
     **TO INJUNCTIVE RELIEF ONLY:**
26

27       10.     Each of the parties to this Consent Decree and Order understands and
28  agrees that there is a risk and possibility that, subsequent to the execution of this

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW        C:\Documents and Settings\I SDC Local Setting\Temp\notes56F074\CONSENT DECREE updated after 12-11 phone conference.wpd

1  Consent Decree and Order, any or all of them will incur, suffer or experience
2  some further loss or damage with respect to the lawsuit which are unknown or
3  unanticipated at the time this Consent Decree and Order is signed.  Except for all
4  obligations required in this Consent Decree and Order, and excluding plaintiff's
5  pending claims for statutory damages, attorney fees, litigation expenses and costs,
6  the parties intend that this Consent Decree and Order apply to all such further loss
7  with respect to the lawsuit, except those caused by the parties subsequent to the
8  execution of this Consent Decree and Order.  Therefore, except for all obligations
9  required in this Consent Decree and Order, this Consent Decree and Order shall
10 apply to and cover any and all claims, demands, actions and causes of action by
11 the parties to this Consent Decree and Order with respect to the lawsuit, whether
12 the same are known, unknown or hereafter discovered or ascertained, and the
13 provisions of Section 1542 of the California Civil Code are hereby expressly
14 waived.  Section 1542 provides as follows:

15 **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
   **WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT**
16 **TO EXIST IN HIS OR HER FAVOR AT THE TIME OF**
   **EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM**
17 **OR HER  MUST HAVE MATERIALLY AFFECTED HIS**
   **SETTLEMENT WITH THE DEBTOR.**
18

19 This waiver applies to the injunctive relief aspects of this action only and does not
20 include resolution of Plaintiff's claims for damages, attorney fees, litigation
21 expenses and costs.

22     11.    Except for all obligations required in this Consent Decree and Order,
23 and exclusive of the referenced continuing claims for damages, statutory attorney
24 fees, litigation expenses and costs, each of the parties to this Consent Decree and
25 Order, on behalf of themselves, their respective agents, representatives,
26 predecessors, successors, heirs, partners and assigns, releases and forever
27 discharges each other Party and all officers, directors, shareholders, subsidiaries,
28 joint venturers, stockholders, partners, parent companies, employees, agents,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW      C:\Documents and Settings\LSDC\Local Settings\Temp\notes56F1274\CONSENT DECREE updated after 12-11 phone conference.wpd

1   attorneys, insurance carriers, heirs, predecessors, and representatives of each
2   other Party, from all claims, demands, actions, and causes of action of whatever
3   kind or nature, presently known or unknown, arising out of or in any way
4   connected with the lawsuit.
5
6   **TERM OF THE CONSENT DECREE AND ORDER:**
7       12.   This Consent Decree and Order shall be in full force and effect for a
8   period of sixty-five (65) months after the date of entry of this Consent Decree and
9   Order, or until the injunctive relief contemplated by this Consent Decree and
10  Order is completed, whichever occurs later.  The Court shall retain jurisdiction of
11  this action to enforce provisions of this Consent Decree and Order for sixty-five
12  (65) months after the date of this Consent Decree and Order, or until the
13  injunctive relief contemplated by this Consent Decree and Order is completed,
14  whichever occurs later.
15
16  **SEVERABILITY:**
17      13.   If any term of this Consent Decree and Order is determined by any
18  court to be unenforceable, the other terms of this Consent Decree and Order shall
19  nonetheless remain in full force and effect.
20
21  **SIGNATORIES BIND PARTIES:**
22      14.   Signatories on the behalf of the parties represent that they are
23  authorized to bind the parties to this Consent Decree and Order.  This Consent
24  Decree and Order may be signed in counterparts and a facsimile signature shall
25  have the same force and effect as an original signature.
26
27  //
28  //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW          C:\Documents and Settings\USDC Local Settings\Temp notes56FD74 CONSENT DECREE updated after 12-11 phone conference.wpd          7.

1  Dated: _____, 2009    PLAINTIFF FAITH TURNAGE

2

3

4                                        _____
                                         FAITH TURNAGE

5

6  Dated: _____, 2009    HAYWARD ISLANDER MOTEL; STAHL-
                             WOOLRIDGE INVESTMENT PROPERTIES;
7                            ROBERT and VIRGINIA M. STAHL
                             PARTNERSHIP, L.P.; ROBERT STAHL
8

9                            By: _____
10

11

12  APPROVED AS TO FORM:

13  Dated: _____, 2009    PAUL L. REIN, ESQ.
                             CELIA McGUINNESS, ESQ.
14                           LAW OFFICES OF PAUL L. REIN

15

16                           By: _____
                             Attorneys for Plaintiff FAITH TURNAGE
17

18  Dated: _____, 2009    WALLACE M. TICE, ESQ.
                             VERONICA H. GARCIA, ESQ.
19                           LYNCH, GILARDI & GRUMMER

20

21

22                           By: _____
                             Attorneys for Defendants  HAYWARD
                             ISLANDER MOTEL; STAHL-WOOLRIDGE
23                           INVESTMENT PROPERTIES, ROBERT and
                             VIRGINIA M. STAHL PARTNERSHIP, L.P.;
24                           and ROBERT STAHL

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO  C-08-05188 CW      C:\Documents and Settings\USDC Local Settings\Temp\notes56FD74\CONSENT DECREE updated after 12-11 phone conference.wpd

1

**ORDER**

2       Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

3

4   Dated: 1 April, 2009

5                       Honorable BERNARD ZIMMERMAN

                         United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW      C:\Documents and Settings\USDC\Local Settings\Temp\notes56FD74\CONSENT DECREE updated after 12-11 phone conference.wpd